# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COLUMBIA

| | |
|---|---|
| **MELANIE CARR,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **HRB PROFESSIONAL RESOURCES, LLC d/b/a H&R BLOCK,** | ] JURY DEMAND |
| **Defendants.** | ] |

## COMPLAINT

Comes now the Plaintiff, Melanie Carr, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Maury County, Brentwood, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on May 25, 2022 and received by Plaintiff on May. 25, 2022, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Melanie Carr ("Ms. Carr" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in Maury County, Spring Hill, Tennessee.

6. At all relevant times, Plaintiff was an employee of, HRB Professional Resources, LLC d/b/a H&R Block ("Defendant" or "H&R Block") within the meaning of the ADEA.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 423 West 7tth Street, Columbia, Tennessee, 38401.

8. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act.

## FACTUAL ALLEGATIONS

9. Ms. Carr began working for Defendant in 1988.

10. In 1998, Ms. Carr became a District Manager for Defendant.

11. Ms. Carr remained in this position until her termination.

12. Throughout Ms. Carr's employment she consistently received positive performance reviews.

13. As a District Manager, Ms. Carr led her region in completion of the Certified Small Business Tax Professional Training Course.

14. Ms. Carr organized and held several trainings for leaders throughout the company.

15. Throughout her employment, Ms. Carr remained committed to keeping the company scheduled organized and in compliance with company policy.

16. In or around January 2017 Defendant issued corrective action to Ms. Carr after declining to go against company policy at the direction of regional directors when correcting the schedule.

17. On February 5, 2021 Defendant terminated Ms. Carr for "not delivering training as prescribed" and "creating fake schedules."

18. The January 2017 incident is the only time Ms. Carr received formal discipline.

19. Defendant did not substantiate the claims cited with their termination decision.

20. At the time of her termination, Ms. Carr was 55 years old.

21. Defendant replaced Ms. Carr with a significantly younger male employee with significantly less experience.

22. Ms. Carr was subjected to disparate treatment and terminated based on her age.

23. Any other reasons proffered by Defendant are pretext.

## COUNT I – AGE DISCRIMINATION
## (29 U.S.C. § 623(a)(1)

24. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

25. Plaintiff asserts Defendant discriminated against plaintiff and interfered with her rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq*.

26. At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

27. Plaintiff's co-workers and supervisors treated her differently and less favorably than younger employees.

28. Plaintiff was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

29. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* by wrongfully discriminating against Plaintiff on the basis of her age.

30. There is a causal connection between Plaintiff's age and her discharge.

31. At all relevant times set forth herein:

   (a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

   (b) Plaintiff was discharged;

   (c) Plaintiff's position was filled or replaced by a substantially younger person;

   (d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

   (e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

32. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) liquidated damages pursuant to the ADEA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ *Lauren Irwin*** 
**JONATHAN A. STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*